UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH VIVIANI, ROBIN VIVIANI, TOP HAT ENTERPRISES, LLC, and SUCCESSFUL VISIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES W. VAHEY, 3.78 IRISH ACRES LLC, 1090 IRISH ACRES LLC, OTHER HAND LLC, and MARY MUSSO, <br><br> Defendants. | 2:10-cv-01445-LRH-GWF <br><br> <u>AMENDED ORDER</u> |

Before the court is defendants James W. Vahey ("Vahey"), 3.78 Irish Acres LLC ("3.78 Irish Acres"), 1090 Irish Acres LLC ("1090 Irish Acres"), and Other Hand LLC's ("Other Hand") (collectively, "the Vahey Defendants") motion to dismiss plaintiffs' complaint. Doc. #10.[1] Plaintiffs Joseph and Robin Viviani ("the Vivianis"), Top Hat Enterprises, LLC ("Top Hat"), and Successful Visions, Inc.'s ("Successful Visions") (collectively, "Plaintiffs") filed an opposition to the motion to dismiss, Doc. #11, to which the Vahey Defendants replied. Doc. #12.

Also before the court is Plaintiffs' motion for default judgement against defendant Mary Musso ("Musso"). Doc. #21.

---

[1] Refers to the court's docketing number.

## I.    Facts and Procedural History

This action involves alleged breaches of contract, breaches of the implied covenant of good faith and fair dealing, fraud and fraudulent misrepresentations, violations of the RICO anti-racketeering statute, and civil conspiracy.  Defendants 3.78 Irish Acres, 1090 Irish Acres, and Other Hand are all limited liability companies formed by defendant Vahey and doing business in the state of Nevada.  Plaintiffs allege that on or about January 11, 2010, Vahey and 3.78 Irish Acres entered into an agreement with the Vivianis and Top Hat (the "Viviani Plaintiffs") by which the Viviani Plaintiffs would provide mortgage funding to Vahey and 3.78 Irish Acres to purchase certain property in Henderson, Nevada.  Defendant Musso allegedly acted as Vahey's partner, advisor, or agent, and assisted Vahey in entering the agreement. At the time of this agreement, Vahey, Musso, and 3.78 Irish Acres proffered a fraudulent contract for purchase of the property–which stipulated a purchase price of $6,600,000–as well as other fraudulent documents and representations, to the Viviani Plaintiffs in order to show that sufficient collateral for a mortgage loan existed.  Vahey and 3.78 Irish Acres sought up to $3,400,000 from the Viviani Plaintiffs, when, in fact, the actual sales price of the Henderson property was only $2,000,000.

The Viviani Plaintiffs discovered the fraudulent nature of the documents provided by Vahey and 3.78 Irish Acres and subsequently refused to provide a mortgage loan.  Vahey, with the help of Musso and on behalf of 3.78 Irish Acres and/or 1090 Irish Acres, then entered into a new and separate agreement to purchase the Henderson property from Successful Visions for $2,600,000.  As Successful Visions did not own the property, this required Successful Visions to enter into its own agreement with the actual owners to purchase the property for $2,100,000.  The existence of this agreement was disclosed to Defendants.  Subsequently, both Musso, on behalf of Vahey and his companies, and Vahey himself made representations that Vahey would purchase the Henderson property from Successful Visions.  Vahey also signed two promissory agreements on behalf of 1090 Irish Acres stating that the company agreed to purchase the property from Successful Visions

and would sign a contract to that effect by July 23, 2010.  No contract was signed, however, and Defendants reneged on their agreement to purchase the property.

Plaintiffs also allege that both Vahey, individually and through his various companies, and Musso have obtained or attempted to obtain funding for the purchase of other property by using fraudulent documents, purchase agreements, and representations.

On August 26, 2010, Plaintiffs filed the underlying complaint against the Vahey Defendants and Musso, asserting a civil RICO claim under 18 U.S.C. § 1964, as well as various state law causes of action.  Doc. #1.  On November 4, 2010, the Vahey Defendants moved to dismiss the complaint.  Doc. #10.  After Musso failed to plead or otherwise respond to Plaintiffs' complaint, Plaintiffs moved for default judgment against Musso on March 31, 2011.  Doc. #21.

## II.  Legal Standard

The Vahey Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the RICO claim is not pled with sufficient particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the fraud, as well as the parties involved and their individual participation.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where when, and how of the misrepresentation).

Claims for civil racketeering must be pled with comparable specificity.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme).  Additionally, a plaintiff must plead a "pattern of racketeering activity," which requires at least two predicate acts of racketeering activity.  *See* 18 U.S.C. § 1961(5).

**III.  Discussion**

In their motion to dismiss, the Vahey Defendants argue that the court should dismiss Plaintiffs' complaint for two reasons.  First, they assert that Plaintiffs have failed to plead sufficient facts to state a RICO cause of action because (1) Plaintiffs have not pled their claim with the particularity required by Rule 9(b), (2) Plaintiffs have not identified an indictable racketeering activity under 18 U.S.C. § 1961 upon which to base their claim, (3) Plaintiffs have failed to plead sufficient facts to establish the required "pattern of racketeering activity," and (4) Plaintiffs have failed to show that they incurred any damages from Defendants' alleged racketeering activities.  Doc. #10.  Second, they assert that, because this courts' jurisdiction over the action is based solely on the federal RICO cause of action, Plaintiffs' remaining claims must be dismissed for lack of subject matter jurisdiction.  Doc. #10.  Plaintiffs dispute these allegations in their opposition and, alternatively, offer the court an amended complaint that, they claim, will rectify any shortcomings in their RICO allegations.  Doc. #11.  The Vahey Defendants, however, assert that the court must dismiss the action because even Plaintiffs' proposed amendments to the complaint are insufficient to satisfy the pleading requirements.  Doc. #12.

The court finds that, in both their original and proposed amended complaints, Plaintiffs have failed to plead facts sufficient to satisfy Rule 9(b)'s pleading requirements. Specifically, Plaintiffs have failed to establish two of the essential elements of a civil RICO claim: a predicate act of racketeering activity and a pattern of racketeering activity.  Because the original complaint is facially deficient, the court will focus its analysis on the supplemented allegations in the proposed amended complaint attached to Plaintiffs' opposition.  *See* Doc. #11.

**A. Federal Civil RICO Claim: Predicate Act of Racketeering Activity**

The federal RICO statute authorizes a private right of action by "[a]ny person injured in his

4

business or property by reason of a violation of section 1962."[2] 18 U.S.C. § 1964(c). In order to establish a civil RICO claim under 1964(c), a plaintiff must plead sufficient facts to show that the defendant harmed his business or property through a predicate act of racketeering that was part of a larger pattern of racketeering activity. *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

"Racketeering activity" is defined as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year," as well as any act indictable under any of over 80 specific statutes. 18 U.S.C. § 1961(1). Here, Plaintiffs attempt to assert two predicate acts of racketeering activity. First, with respect to the Viviani Plaintiffs, they allege that Defendants "fabricated the [$6,600,000 purchase contract] and made other false representations regarding the alleged purchase of [the Henderson property] for the purpose of obtaining millions of dollars from the Viviani Plaintiffs without adequate collateral." Proposed Amended Complaint, ¶ 21. Second, with respect to Successful Visions, they allege that Defendants made fraudulent misrepresentations to induce Successful Visions to purchase the Henderson property. *Id.*, ¶¶ 65-66. Plaintiffs assert that both of these fraudulent acts constitute bank fraud as defined in 18 U.S.C. § 1334–one of the racketeering activities listed in section 1961. *Id.*, ¶ 70; Doc. #11, p. 3. Section 1334 provides in relevant part that it is a criminal act to execute, or attempt to execute, any scheme or artifice "to defraud a financial institution" or to obtain any money or property of a financial institution "by means of false or fraudulent pretenses, representations, or promises." Qualifying "financial institutions" are set

---

[2] Section 1962 criminalizes four separate and distinct actions: (a) using or investing money obtained through a pattern of racketeering activity, (b) acquiring or maintaining an interest in an enterprise through a pattern of racketeering activity, (c) conducting or participating in the conduct of an enterprise through a pattern of racketeering activity, and (d) conspiring to violate any of the previous three provisions. In the instant case, Plaintiffs have not identified which subsection of section 1962 Defendants allegedly violated. *See* Proposed Amended Complaint, ¶¶ 68-75. The language of the amended complaint appears to be an amalgamation of subsections (b) and (c), but neither subsection is explicitly identified. *Id.*, ¶ 69. This lack of specificity may, in itself, constitute grounds for dismissing Plaintiffs' complaint. *See Atlantic Gypsum Co. v. Lloyds Intern. Corp.*, 753 F.Supp. 505, 514 n.4 (S.D.N.Y.1990).

5

forth in 18 U.S.C. § 20.

Plaintiffs, however, have failed to establish that Defendants engaged in bank fraud because they have not pled sufficient facts to show that either the Viviani Plaintiffs or Successful Visions was a "financial institution" that qualified for protection under section 1334. In their amended complaint, Plaintiffs assert that Joseph Viviani was and is a "licensed mortgage lender," that Robin Viviani was and is a "mortgage processor and licensed realtor," that Top Hat was a "limited liability company formed and existing under the laws of the state of Nevada," and that Successful Visions was and is a "corporation incorporated, existing and doing business under the laws of the State of Nevada." Proposed Amended Complaint, ¶¶ 3-6. Nowhere in the amended complaint, however, do Plaintiffs explicitly allege that the Viviani Plaintiffs or Successful Visions qualify as protected "financial institutions" pursuant to 18 U.S.C. § 20, nor are the facts alleged sufficient to support such a determination. Without specific facts showing that each Plaintiff qualifies as a protected financial institution, Plaintiffs have not sufficiently pled acts of bank fraud under section 1334 and, therefore, have not pled the predicate acts of racketeering necessary to state a civil RICO claim.

**B. Federal Civil RICO Claim: Pattern of Racketeering Activity**

Plaintiffs' RICO claim also fails because they have not pled facts sufficient to establish a pattern of racketeering activity. A "pattern of racketeering activity" requires "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). While two predicate racketeering acts, as described in section 1961(1), "are necessary" to plead a civil RICO claim, "they may not be sufficient." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237-38 (1989) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n.14 (1985)). But while there is more to showing a "pattern" of racketeering activity than "simply [pointing to] the number of predicate acts involved," *id.* at 238, the court need not address these

more complex requirements, because Plaintiffs have failed to plead facts sufficient to establish even the minimum number of predicate acts.

In their proposed amended complaint, Plaintiffs have expanded on the facially deficient allegations in their original complaint, offering a more detailed picture of Defendants' conduct. Doc. #11. Although it is not entirely clear, the court interprets the amended complaint as alleging four separate prior instances of fraudulent conduct. First, Plaintiffs allege that in August and September 2009, Defendants successfully executed a scheme to defraud an unidentified lender by borrowing money against 3.78 acres of real property, the value of which was fraudulently represented to be far in excess of its true worth. Proposed Amended Complaint, ¶ 25(a)-(f). Second, Plaintiffs allege a similar scheme, executed in July 2008, involving the same 3.78 acres of property. *Id.*, ¶ 25(g). Vahey and Musso allegedly received equity funds in cash from Black Mountain Bank and later defaulted on their loan, causing the property to be foreclosed upon. *Id.* Third, Plaintiffs describe a July 2009 attempt by Defendants to defraud another unidentified lender by fraudulently inflating the supposed value of the Henderson property–the very property that Defendants were allegedly attempting to use for their scheme in the instant case. *Id.*, ¶ 25(i)-(l). Finally, Plaintiffs allege that Musso perpetrated an undescribed scheme or schemes "similar to those set forth [above]" that resulted in her criminal conviction on felony/gross misdemeanor charges involving crimes of moral turpitude. *Id.*, ¶ 27.

Notwithstanding the added specificity provided in Plaintiffs' proposed amended complaint, none of the prior schemes described in the amended complaint is pled with sufficient specificity to establish that Defendants' alleged actions qualified as "racketeering activity" under 18 U.S.C. § 1961(1). The heightened pleading burden required by Rule 9(b) applies to all averments of fraud in a civil RICO claim, including both the predicate acts of racketeering activity on which Plaintiffs' claims are based and any prior acts comprising the alleged pattern of racketeering activity. *See Moore*, 885 F.2d at 541; *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1046

7

(E.D. Cal. 2010).

Plaintiffs have failed to carry their pleading burden and show the requisite who, what, when, where, and how of the alleged fraud. *See Parnes*, 122 F.3d at 549-50. First, because Plaintiffs again appear to assert that these prior acts constitute bank fraud under section 1334, Plaintiffs must plead sufficient facts to show that the victims of these prior activities also qualify as protected "financial institutions." Yet Plaintiffs have not identified the alleged victims of any of the prior acts of racketeering that they allege and, thus, cannot establish that any of the victims qualified as protected financial institutions pursuant to section 1334. *See* Proposed Amended Complaint, ¶¶ 25(a)-(l), 27. Although a bank is mentioned in the alleged July 2008 scheme, Plaintiffs have neither identified the bank as the victimized lender, nor have they provided facts sufficient to show that the bank was a qualifying financial institution. *Id.*, ¶ 25(g). Second, Plaintiffs have failed to describe the fraudulent representations allegedly made by Defendants in the June 2008 scheme, the July 2009 scheme, or the undated scheme or schemes involving Musso. *Id.*, ¶¶ 25(g)-(l), 27. Based on these omissions, none of the prior acts alleged by Plaintiffs have been pled with the required specificity. Thus, Plaintiffs have failed to establish the pattern of racketeering required to maintain a civil RICO claim.

For the foregoing reasons, the court finds that Plaintiffs have not pled sufficient facts to establish either a predicate act of racketeering or a pattern of racketeering activity on the part of Defendants. Plaintiffs' federal RICO claim must therefore be dismissed. The court, however, shall grant Plaintiffs twenty days from the entry of this order to amend their complaint. Should Plaintiffs fail to timely amend, the court shall decline to exercise supplemental jurisdiction over their remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and dismiss the complaint.

Further, given the potential for inconsistent judgments, Plaintiffs' motion for default judgment against Musso shall be deferred pending amendment of the complaint.

///

IT IS THEREFORE ORDERED that the Vahey Defendants' Motion to Dismiss (Doc. #10) is GRANTED in part and DENIED in part in accordance with this order.  Plaintiffs shall have twenty days to file an amended complaint.

IT IS SO ORDERED.

DATED this 25th day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE