UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH VIVIANI, ROBIN VIVIANI, TOP HAT ENTERPRISES, LLC, and SUCCESSFUL VISIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES W. VAHEY, 3.78 IRISH ACRES LLC, 1090 IRISH ACRES LLC, OTHER HAND LLC, and MARY MUSSO, <br><br> Defendants. | 2:10-cv-01445-LRH-GWF <br><br> ORDER |

Before the court is the Vahey Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint (#27[1]). The Vahey Defendants are James W. Vahey ("Vahey"), 3.78 Irish Acres LLC ("3.78 Irish Acres"), 1090 Irish Acres LLC ("1090 Irish Acres"), and Other Hand LLC's ("Other Hand"). Plaintiffs Joseph and Robin Viviani ("the Vivianis"), Top Hat Enterprises, LLC ("Top Hat"), and Successful Visions, Inc.'s ("Successful Visions") (collectively, "Plaintiffs") filed an opposition (#30), to which the Vahey Defendants replied (#31).

Also before the court is Plaintiffs' Motion for Default Judgment (#21) against defendant Mary Musso ("Musso").

---

[1] Refers to the court's docket entry number.

## I.  Facts and Procedural History

This action involves claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and fraudulent misrepresentation, civil RICO violations, and civil conspiracy.  Plaintiffs essentially allege that Defendants attempted to defraud the Plaintiffs by obtaining financing to purchase real property through false representations, including the purchase price and value of the property, and the value and existence of collateral.  Plaintiffs' factual allegations are recounted in greater detail in this court's prior order (#23) of July 26, 2011.

In that order, the court granted the Vahey Defendants' motion to dismiss on the basis that Plaintiffs' allegations were insufficient to state a civil RICO claim with the specificity required by Federal Rule of Civil Procedure 9(b).  Specifically, the court found that Plaintiffs failed to allege sufficient facts to establish bank fraud under 18 U.S.C. § 1334 as a predicate act of racketeering, and that Plaintiffs had necessarily failed to establish a pattern of racketeering activity in the absence of sufficient allegations to establish at least two predicate acts.  The court therefore dismissed the federal RICO claim without prejudice and with leave to amend, indicated that the court would decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismiss the complaint in the absence of a viable federal cause of action, and deferred ruling on Plaintiffs' motion for default judgment against Musso pending amendment of the complaint.

On August 15, 2011, Plaintiffs filed a First Amended Complaint stating the same causes of action but revising and supplementing their allegations in support of their RICO claim. Significantly, although Plaintiffs rely on the same alleged activities as predicate acts of racketeering, they have abandoned their bank fraud allegations and allege instead that Defendants' activites constitute monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.  Once again, the Vahey Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim and because the RICO claim is not pled with sufficient particularity in accordance with Rule 9.

## II. Legal Standard

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the fraud, as well as the parties involved and their individual participation.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where when, and how of the misrepresentation).

Claims for civil racketeering must be pled with comparable specificity.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme).  Additionally, a plaintiff must plead a "pattern of racketeering activity," which requires at least two predicate acts of racketeering activity.  *See* 18 U.S.C. § 1961(5).

## III. Discussion

As before, the primary issue before the court is whether Plaintiffs have adequately pleaded predicate acts of racketeering to support a civil RICO claim under 18 U.S.C. § 1964(c), by way of a violation of 18 U.S.C. § 1962.  Such a claim requires a plaintiff to plead sufficient facts to show that the defendant was harmed in his business or property through a predicate act of racketeering that was part of a larger pattern of racketeering activity.  *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001).

"Racketeering activity" is defined to include, *inter alia*, any act indictable under any of over 80 specific statutes.  18 U.S.C. § 1961(1).  Included is § 1957, which prohibits "knowingly engag[ing] or attempt[ing] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity."  18 U.S.C. § 1957(a).  In other words, § 1957 prohibits "money laundering"—*i.e.*, "conducting monetary transactions with the 'proceeds' of criminal activity."  *United States v. Bush*, 626 F.3d 527, 534 (9th Cir. 2010).  To

3

establish money laundering under § 1957, a plaintiff must plead and prove: (1) the defendant knowingly engaged or attempted to engage (2) in a monetary transaction (3) in criminally derived property that is of a value greater than $10,000 (4) knowing that the property is derived from unlawful activity, and (5) the property is, in fact, derived from specified unlawful activity. *United States v. Johnson*, 971 F.2d 562, 567 n.3 (10th Cir. 1992). The term "criminally derived property" means "any property constituting, or derived from, proceeds obtained from a criminal offense." *Id.* § 1957(f)(2). The term "specified unlawful activity" is defined in § 1956(c)(7) to include, *inter alia*, any act or activity that constitutes "racketeering activity" under section 1961(1), including money laundering in violation of § 1957.

Here, Plaintiffs allege that the Defendants' specified activities "are in violation of . . . § 1962 and 1957 . . . and each of them received proceeds from racketeering activities and from monetary transactions stemming from unlawful activities" as set forth in the complaint. First Amended Complaint (#24), ¶ 71. Not only are such generalized allegations facially insufficient under Rule 9, but they fail to include all the essential elements of money laundering under § 1957. Moreover, it appears that Plaintiffs have failed to allege money laundering at all. Whereas money laundering under § 1957 entails engaging in a monetary transaction *in* criminally derived proceeds, the above-quoted passage alleges only *receipt* of proceeds derived from money laundering or other criminal activity.

Plaintiffs' specific factual allegations regarding Defendants' activities fare no better. Plaintiffs allege that Defendants engaged in fraudulent schemes whereby Defendants would use false representations and forgeries to obtain financing to purchase real estate based on fabricated appraisals, purchase the property for a lesser amount, pocket the excess, default on the under-collateralized loans, and let the property be foreclosed upon. That is, they allege that Defendants obtained criminally-derived proceeds by perpetrating a fraud. But the complaint contains no allegations whatsoever that Defendants engaged in any monetary transactions with those proceeds.

The complaint focuses only on the criminal activity from which the proceeds were derived, rather than on any laundering of those criminally-derived proceeds after the fraud.

For these reasons, the court concludes that Defendants have failed to allege money laundering in violation of § 1957.  Consequently, they have failed to allege any predicate acts of racketeering activity to support their civil RICO claim, and the claim must be dismissed for failure to state a claim.

The court further concludes that such dismissal shall be with prejudice.  While the complaint presently before the court is titled "First Amended Complaint," it is actually Plaintiffs' third attempt to plead a civil RICO claim, as they submitted a proposed amended complaint along with their opposition to Defendants' first motion to dismiss.  In ruling on the motion, the court specifically considered Plaintiffs' proposed amendments, found them lacking, and granted leave to file further amendments.  Moreover, the court finds that further amendment would be futile. Plaintiffs have abandoned their attempt to predicate their RICO claim on bank fraud under § 1344, and the court has rejected their attempt to re-characterize the same alleged conduct as money laundering under § 1957.  Also, Plaintiffs virtually concede in their opposition that the instant complaint includes as much factual detail as Plaintiffs have to support their civil RICO claim.

The court further concludes that the action shall be dismissed in its entirety, and as to all defendants.  In the absence of any other federal claims, the court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and will accordingly dismiss such claims without prejudice.  Furthermore, notwithstanding Defendant Musso's failure to appear or defend and the Clerk of Court's entry of her default, default judgment is inappropriate as the court's rulings on Plaintiffs' civil RICO claim and pendent state law claims apply equally to all defendants.

IT IS THEREFORE ORDERED that the Vahey Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint (#27) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment Against Defendant Mary Musso (#21) is DENIED.

IT IS FURTHER ORDERED that the First Amended Complaint is hereby DISMISSED with prejudice as to Plaintiffs' Sixth Cause of Action, and without prejudice as to Plaintiffs' pendant state law claims.

IT IS SO ORDERED.

DATED this 29th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE